**STATE, Plaintiff-Appellee, v. LOCKWOOD, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24834.   Decided July 2, 1959.

Phillip Barragate, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant.

## OPINION

Per CURIAM:

Upon reconsideration of this appeal on questions of law, we hold that the judgment of the Juvenile Court of Cuyahoga County ought to be and herewith is reversed for errors of law:

(1) In admitting into evidence a judgment of paternity established in a bastardy proceeding as conclusive proof of paternity whereas such judgment is admissible in evidence as only prima facie proof thereof. The pertinent provision of §3111.17 R. C., on this question reads as follows:

"This section does not bar the prosecution of the accused for failure to support his illegitimate child under any statute providing for prosecu-

tion and punishment for non-support of legitimate or illegitimate children. In any such prosecution for non-support the adjudication that the accused is the reputed father of the illegitimate child is **admissible in evidence**." (Emphasis ours.)

(2) In overruling the request for a blood test of the parties, whereas such request was proper and should have been granted;

(3) In refusing the defendant the right to offer his defenses to the criminal charge of non-support of an illegitimate child brought against him;

(4) For not applying §2151.99 **R. C.**, in passing sentence in a prosecution brought under §2151.42 **R. C.**;

(5) In overruling the defendant's motion for a new trial.

**State v. Snyder, 157 Oh St 15,** 104 N. E. 2d 169, syllabus three reads as follows:

"In a prosecution under §1639-46 GC (§2151.42 **R. C.**), the accused may offer evidence tending to prove that he was not the father of the child or 'charged by law' with the care and support thereof, and as a part of his defense he is entitled, on motion duly made, to an order of the court requiring the mother and child, along with the accused, to submit to blood-grouping tests, as provided in §12122-2 GC (§2317.47 **R. C.**)."

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.

Exceptions. Order see journal.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.